IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

JAMIE E. MURPHY BERNAL,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

    Defendant.

Case No. 04-CV-720-FHM

**OPINION AND ORDER**

Plaintiff's Motion for Relief Pursuant to Fed. R. Civ. P. 60(b)(6) [Dkt. 24] and Counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) [Dkt. 26] are before the Court.

**Motion for Relief Pursuant to Fed. R. Civ. P. 60(b)(6)**

In *McGraw v. Barnhart*, 450 F.3d 493, 496 (10th Cir. 2006), the Court ruled that attorney fees are awardable under 42 U.S.C. § 406(b)(1) when the Social Security Administration awards disability benefits to a claimant following a remand from the federal court. In such a circumstance the authority of Fed. R. Civ. P. 60(b)(6) is employed to allow counsel to seek fees under §406(b)(1) long after the fourteen days allotted by Fed. R. Civ. P. 54((d)(2)(B)(i) for filing a motion for attorney fees has expired. *McGraw*, 450 F.3d at 505. However, the *McGraw* Court cautioned that "[a] motion for an award of fees under §406(b)(1) should be filed within a reasonable time of the Commissioner's decision awarding benefits." *Id.*

In the present case, the decision awarding Plaintiff benefits was dated March 21, 2006. [Dkt. 24, p. 1]. The instant motion was filed on December 2, 2008, two years and

eight months after the award of benefits. Counsel asserts that the motion for fees was filed within a reasonable time because there is a dispute over the correct amount of fees to be awarded counsel under 42 U.S.C. § 406(a) for work counsel performed for the claimant in administrative proceedings before the Social Security Administration.

Counsel has offered no authority to support his assertion that he was required to obtain a resolution of the dispute over §406(a) fees before applying for fees under §406(b)(1), or that it was prudent to do so. In fact, in a recent unpublished decision, *Early v. Astrue*, 295 Fed.Appx. 916, 919, 2008 WL 4492602 *3 (C.A. 10), the Court rejected the argument that a district court must wait until the agency has paid out §406(a) fees before entering an order on §406(b)(1) fees. Counsel asserts essentially the same argument in this case that the Court rejected in *Early:* "that it [is] unacceptable to apply for a §406(b) attorney fee until the correct, final, and unappealable amount of the §406(a) fee is actually determined." [Dkt. 34, p. 3]. In *Early* the Court reiterated that the fee motion should be filed within a reasonable time of the Commissioner's decision awarding benefits, not within a reasonable time of the payment of benefits, or counsel's receipt of §406(a) fees. *Id.* at *2-3.

The holding in the *Early* case is of particular import because Plaintiff's counsel was also the attorney who represented the claimant in *Early v. Astrue*. The Tenth Circuit docket obtained from Westlaw for the *Early* case reflects that, although the Tenth Circuit decision is dated October 8, 2008, the Notice of Appeal from the district court decision was filed December 14, 2007. That signifies that a year before the motions were filed in this case, the district court in *Early* ruled that counsel's Rule 60(b) motion, filed thirteen months after the claimant received the Commissioner's Notice of Award, was not filed within a

reasonable time. Since the district court in *Early* rejected counsel's position, which is essentially the same position he takes here, it was incumbent upon counsel to apply the lesson of that case to this one and to at least file his motion for fees at that time. The Court rejects counsel's attempt to distinguish the facts of *Early* from this case.[1] It is clear that, regardless of whatever factual distinctions counsel can draw, the argument asserted here "that it is unacceptable to apply for a §406(b) attorney fee until the correct, final, and unappealable amount of the §406(a) fee is actually determined," [Dkt. 34, p. 3], was rejected.

Even before the appellate decision in *Early*, the Tenth Circuit rejected the argument that the unsettled nature of an award under §406(a) presents an excuse for the delay of an application for fees under §406(b). In *Wrenn v. Astrue*, 525 F.3d 931, 937 (10th Cir. 2008),[2] the Tenth Circuit unmistakably clarified that under §§406(a) and 406(b)(1), the Commissioner and the Court each independently determine the amount of fees awardable under their separate standards and therefore the amount of fee awardable by one tribunal has no effect on the amount the other may award. Counsel's assertion in this case that a §406(b)(1) fee request may have to be amended, depending on the amount of a §406(a) award made by the Commissioner is made in plain disregard of the *Wrenn* decision.[3]

---

[1] Counsel argues that the *Early* case and this one are different because in *Early* he was awaiting receipt of payment of the §406(a) fees while here he received partial payment but was awaiting a decision as to whether he would receive more.

[2] The *Wrenn* case was published on May 7, 2008.

[3] Counsel's argument that he "is caught between Scylla and Charybdis," [Dkt. 34, p. 3], presents an imaginary conflict of counsel's own making.

3

In view of the holding in *Wrenn* and counsel's involvement in the *Early* case, it is disingenuous for counsel to assert that "the responsibility for the delay in this case lies directly at the fee of the Defendant." [Dkt. 34, p. 3].  Likewise, in view of counsel's arguments which the Court views as having been made in disregard of Tenth Circuit authority of which counsel was undoubtedly aware, it was especially unseemly for counsel to have accused the Defendant of "incompetent foot dragging."  *Id.*

So it will be abundantly clear and so there will be no question about the issue in the future, counsel is placed on notice that a reasonable time for filing a motion under Rule 60(b)(6) for consideration of a motion for fees under §406(b)(1) will be considered in terms of weeks or months, not years.  Further, the calculation of a reasonable time is measured from the date of the Commissioner's decision awarding benefits.  *McGraw*, 405 F.3d at 505; *Early*, 2008 WL 4492602 at *3.[4]  In the event that circumstances arise that impact the accurate calculation of §406(b)(1) fees, it is appropriate to promptly file the motion for fees and to advise the court of the relevant circumstances.  In the present case, if the amount of §406(a) fees was material, counsel could have included alterative calculations in the motion for fees.

Finally, the Court rejects counsel's assertion that denial of fees on account of the delay would be punitive or draconian.  Counsel's unwarranted delay in filing the motion for fees is not without effect on his client.  Twenty-five percent of the client's past due benefits were withheld for the payment of attorney fees.  Any portion of the withheld amount which is not awarded in fees is released to the client. [Dkt. 24-2, p. 6].  Even if there is nothing of

---

[4] Although another judge may properly view a particular case differently, counsel should be aware that any delay places his fee award at risk for a finding of untimeliness.

the withheld amount to be returned to the client, counsel's delay still affects his client. As counsel is aware, upon receipt of fees under §406(b)(1), the amount of fees received under the Equal Access to Justice Act (EAJA) must be returned to the client as required by *Weakley v. Brown*, 803 F.2d 575, 580 (10th Cir. 1986). In this case, the amount of EAJA fees to be returned to the client is $5,495.60. At a bare minimum, counsel's delay has deprived his disabled client of the use of that money for over two years.

In *McGraw*, the Tenth Circuit noted that Rule 60(b)(6) has been referred to as a "grand reservoir of equitable power to do justice in a particular case." 450 F.3d at 505 (further citation and quotation omitted). Considering the discussion herein, the Court is reluctant to exercise its discretion in counsel's favor. However, since this Court has not previously addressed its view of what constitutes filing within a "reasonable time of the Commissioner's decision" and since Plaintiff has indicated she does not object to a fee award,[5] the Court will exercise its discretion to GRANT the Motion for Relief Pursuant to Fed. R. Civ. P. 60(b)(6) [Dkt. 24].[6]

## Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b)(1)

Counsel seeks approval of an attorney fee award of $18,960.24 pursuant to the terms of 42 U.S.C. § 406(b)(1) and the fee contract between Plaintiff and counsel. Counsel has certified that Plaintiff has been advised of the fee request, and Plaintiff has expressed that she does not object to an additional fee award. [Dkt. 25] The matter is ripe

---

[5] The Court has some trepidation about relying on the lack of any objection to the fee by Plaintiff. There is no indication that Plaintiff has been advised of the requirement that counsel file the motion for fees within a reasonable time or that it would not be unreasonable for Plaintiff to object to counsel's request for fees on the basis of delay.

[6] Counsel would be wise not to depend upon the exercise of discretion in the same manner in the future.

5

for decision. The Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b)(1), [Dkt. 26], is GRANTED as provided herein.

Plaintiff appealed the Administrative denial of his application for Social Security benefits to this Court. The Court reversed the administrative denial of Plaintiff's application for benefits and remanded the case to the Commissioner for further proceedings. [Dkt. 18]. The Court granted Plaintiff's application for an award of $5,495.60 in fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, for the work counsel performed before the Court. [Dkt. 23]. The EAJA award was paid by the Social Security Administration, at no cost to Plaintiff.

On remand the Commissioner determined that Plaintiff was entitled to disability benefits, including an award of past-due benefits. Counsel represents that the amount of past-due benefits awarded was $97,040.96. [Dkt. 26, p. 1]. The Social Security Administration continues to hold $18,960.24 of the past due benefits for the payment of attorney fees. [Dkt. 26-2, p.1].

Section 406(b)(1) allows an award of attorney fees, payable from the past due benefits withheld by the Social Security Administration, when the district court has remanded a Title II Social Security case for further proceedings and benefits are awarded on remand. *McGraw v. Barnhart*, 450 F.3d 493 (10th Cir. 2006). 42 U.S.C. § 406(b)(1)(A) provides that a court may award "a reasonable fee . . . not in excess of 25 percent of the . . . past due benefits" awarded to the claimant. The fee is payable "out of, and not in addition to, the amount of the past-due benefits." Section 406(b)(1)(A) does not replace contingency fee agreements between Social Security claimants and their counsel. Instead, that section requires the district court to review contingency fee agreements as an

"independent check" to assure that the agreement yields a reasonable result. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807, 122 S.Ct. 1817, 1828, 152 L.Ed.2d 996 (2002). Section 406(b) provides a boundary that agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. *Id.*

In determining whether a fee resulting from a contingency fee contract is reasonable, it is appropriate to adjust the attorney's recovery based on the character of the representation and the results the representation achieved. A reduction is in order if the attorney is responsible for delay, so the attorney will not profit from the accumulation of past-due benefits while the case is pending in court. In addition, if the benefits are large in comparison to the amount of time counsel spent on the case, the fee award may be adjusted. *Id.* 535 U.S. at 808, 122 S.Ct. at 1828. Further, the burden to prove the fee is reasonable is placed upon the attorney seeking the fee. *Id.* at n.17.

Plaintiff and counsel entered into a contract [Dkt. 26-3], in which it appears that Plaintiff agreed to pay counsel a fee equal to 25% of the past due benefits awarded by the Social Security Administration. The docket sheet reflects that counsel did not seek any extensions of time before the federal court that would have caused an increase in the amount of past due benefits.

The fee requested, $18,960.24, is 19.5% of Plaintiff's past due benefit award. That award comports with Plaintiff's agreement to an attorney fee of 25% of past due benefits and falls within the statutory limits of §406(b). The fee yields an hourly rate of $554.39 per hour for 34.2 hours, which does not amount to a windfall. Often a fee recovery in a percentage-based contingency fee contract will be higher than the fee produced by a straight hourly rate agreement. That circumstance serves to induce attorneys to risk

providing legal services in cases where they may not be paid. When the amount of the EAJA fee award, $5,495.60, is returned to Plaintiff in accordance with *Weakley v. Brown,* 803 F.2d 575, 580 (10th Cir. 1986), the net amount paid by Plaintiff for court-related work is a fee that is 13.9 percent of Plaintiff's past due benefits, or $393.70 per hour, which the Court finds is reasonable.

Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) [Dkt. 26] is GRANTED as follows:

Counsel is awarded $18,960.24 to be paid from Plaintiff's past due benefits being withheld by the Commissioner for attorney fees. In accordance with *Weakley v. Brown,* 803 F.2d 575, 580 (10th Cir. 1986), upon receipt of payment, counsel is required to refund $5,495.60 to Plaintiff, which is the amount of the EAJA award.

SO ORDERED this 10th day of April, 2009.

*[signature: Frank H. McCarthy]*

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE